Caruthers, J.,
delivered the opinion of the Court.
*549 Redmond sold to Bowles seventy-five acres of land by parol, and delivered to Mm the possession. Bowles paid the consideration, but afterwards recovered it back by suit at law, upon the ground that the sale being unwritten, was void, but continued to hold the possession, and procured a superior title to that of Redmond, under which he claims the land. This bill is filed for a writ of possession, on the ground that as Bowles went in under a contract with him, he cannot dispute his title, or set up one adverse to his. Or if he could still hold the land, all he could claim, if the title of complainant, under which he entered, failed, would be what it cost him to get the better one, and he must pay the price with that abatement.
1. It is contended, that the relation of landlord and tenant, or lessor and lessee exists between them, or that the same principle must govern as to the inhibition to hold under an adverse title, without surrendering the possession.
2. That if that be not so, and Bowles must be regarded as a vendee, he can only claim what it cost him to perfect the title, but not the whole value of the land.
It is admitted that Redmond’s title was bad, and that which has been obtained by Bowles, since his entry upon the land under .such void contract, is good and sufficient.
Bowles insists that the position occupied by him, was not such as to preclude him in law from purchasing and enjoying the benefit of an adverse and paramount *550 title, without any accountability in any form to com-lainant.
These are the questions presented for decision. The Chancellor decided them against the complainant.
His position is the very reverse in almost every essential particular to that of tenant.
A purchaser, whether by valid or void contract, enters, claiming the title to the land, by virtue of his purchase; and a tenant disclaiming it, but admitting it to be in another, under whom he holds, and to the prejudice of whose right he is bound to do no act. Consequently he cannot buy or procure an unfriendly title, nor in any way assume an adversary attitude to his landlord, under whom he obtained and agreed to hold the possession. He must continue to hold as he entered, under and for his superior, and is estopped from disputing his title in any way, no matter how defective it may be. But the relation between vendor and vendee is entirely different, without regard to the validity of the sale. The claim of the vendee, and his possession, are from the first, adverse to all others, not excepting the vendor. True, if the sale is not in writing, and the vendor has a good title, he can oust him, because he has the superior title, never having legally parted with it, but not on account of the particular trust or confidential relation between them. In a contract of this kind, the vendee would be allowed to confront him with any title he may have procured, or any good title outstanding in another. He would have to recover upon the strength of his title, as in other cases. That the suit is in equity upon an ejectment bill, instead of an action of ejectment at law, can make no difference in this respect. The complain *551 ant cannot succeed unless lie shows a good and the best title. It is not enough to create the estoppel that the party enters under the title of another, hut he must expressly or impliedly agree to hold for him. It requires both, to create the relation of landlord and tenant. A purchaser, even by void contract, enters as owner to hold for himself, and acknowledges allegiance to no one. His possession, then, being for himself, he may protect it, as best he can, without regard to the manner in which he obtained it, and if he can fortify himself with the best title, he is secure. His hands are not tied by these artificial rules, which upon sound policy are made to apply to the tenant. There is nothing in Washington vs. Conrad, 2 Humph., 564, in conflict with this doctrine, where the proposition extracted is applied to the case in judgment; nor is there in Winnard vs. Robbins, 3 Humph., 614, where the defendant first entered as tenant; nor in Caldwell vs. Harris, 4 Humph., 24, where the tenant was not allowed to show that an administrator had no power to rent.
It is true that in Beard vs. Bricker, 2 Swan, 51, it was held, that where a verbal sale had been repudiated by both, or either of the parties, the action of unlawful detainer would lie by the vendor, and that the possession could be recovered under the act of 1821, ch. 14, and it may be, that the reasoning in that case would seem to support this bill. That case was reluctantly and doubtingly followed in the case of Sullivan vs. Ivey, 2 Sneed, 488, so far as to allow that action to be maintained, for the reasons there given. But those cases cannot govern this. In that action the title cannot be inquired into, but in ejectment, or a bill in equity for possession, *552 the rule is entirely different. How can a Court of Equity direct the person in possession 'legally obtained, and under the protection of the best title, to surrender it up to one having no title whatever, under any circumstances, except in cases of technical estoppel ? Surely there can he no principle to authorize a thing so improper and unjust. It would violate all our ideas of equity and justice. What would be the practical operation? The defendant would be turned out by the decree, because he got in under an invalid contract, which had been abandoned, and then in another suit would be allowed to regain the possession upon his stronger and better title. This would give judicial proceedings the resemblance of a force, and accumulate costs and expenses upon parties in the pursuit of their rights, without reason or necessity. Without direct and cogent authority, we would not recognize a principle leading to such consequences. It is not easy for us to see the bad faith and want of common honesty, imputed in the argument, in the act of refusing to give up the possession of land obtained under an invalid contract, when it is discovered that the vendor had no title, or refuses to make one. In such a case there is nothing dishonest or even immoral, or against good faith, in the vendee’s obtaining a good title, from any quarter where it is to be had, for his protection and security. It is a case of self-defense.
The case of James vs. Patterson, 1 Swan, 310, discusses the relation of these parties, and places the case upon the proper grounds.
If the suit were from the other side, to recover back the consideration paid upon such a contract, the *553 rule of equity would be tbat tbe possession should be returned, and tbe parties placed in statu quo. But tbat is not tbe sort of case now before us; tbat proceeding is passed and closed. If tbe vendor bas neglected to avail bimself of tbat principle at tbe right time, be bas lost its benefits. It bas nothing to do with the case now pending.
2. But is tbe plaintiff entitled to any relief on tbe aspect presented in bis amended bill ? Tbat is, tbat tbe defendant must pay him for tbe land with tbe abatement of what be bas necessarily expended for tbe better title. This is certainly so where there is a valid contract of sale, and even where tbe vendor bas no title. Meadows vs. Hopkins, Meigs’ Rep., 185. But here there is no sale that is recognized by law; either party may disregard it as soon as it is made, and' the one sue for any money tbat may have been paid, and tbe other for tbe land without notice. In such a case there is nothing passing from tbe vendor for tbe support and benefit of which tbe newly acquired title can enure, or upon which it can be engrafted. There is no confidential relation established by contract, as in tbe case of a valid sale. Tbe vendor has passed no title, and established no relation which imposes upon tbe vendee any obligation to protect or defend bis title. They are from tbe first at arm’s length, and both hntrammeled. Each may act in relation to tbe land, and tbe titles to it as if no trade bad been attempted to be made. What they have abortively attempted to do, may be made valid and binding by ratification and mutual consent, but not otherwise.
There is no hardship in tbe doctrine. Tbe pre *554 tended vendor lias parted with nothing, and if he has a title he can easily assert it, and regain the land, but if he has not, but the same is in the vendee, or another, he should not succeed in getting that which is not his, barely because he had wrongfully claimed and attempted to sell it.
There is no ground upon which he can stand in this Court, and his bill was properly dismissed by the Chancellor.